MEMORANDUM *
The facts and procedural history of this case are known to the parties and we do not repeat them here, except as is necessary to explain our decision. Rick Culver appeals the district court’s order granting summary judgment to defendants Qwest Communications Corporation and Qwest Corporation (“Qwest”) on his Oregon state law claims of age discrimination and workers’ compensation retaliation. We affirm.
On a motion for summary judgment, we evaluate Oregon age discrimination claims using the three part burden-shifting framework set forth in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). See Snead v. Metro. Prop. & Cas. Ins. Co., 237 F.3d 1080, 1091-93 (9th Cir.2001) (acknowledging that Oregon courts do not use the McDonnell formula but holding that, as a federal procedural rule, a federal court sitting in diversity should apply it). Under the McDonnell Douglas framework, a plaintiff must first establish a prima facie case of unlawful discrimination. Lyons v. England, 307 F.3d 1092, 1112 (9th Cir. 2002). If the plaintiff succeeds in establishing a prima facie case, the burden of production then shifts to the employer “to articulate a legitimate, non-diseriminatory reason for the plaintiffs [termination].” Warren v. City of Carlsbad, 58 F.3d 439, 442 (9th Cir.1995). “If the employer sustains this burden, the plaintiff must then demonstrate that the proffered nondiscriminatory reason is merely a pretext for discrimination.” Lyons, 307 F.3d at 1112. *405 In this case, we assume without deciding that Culver has established a prima facie case of age discrimination.
Qwest plainly articulated a legitimate, nondiscriminatory reason for Culver’s termination. Qwest explained that Culver was terminated for misuse of company assets and inaccurate time reporting, because he reported spending nine hours of work on a single splicing job in Seaside for the June 27, 2003, workday, when at least pai’t of that time was spent driving back and forth from Seaside to Astoria and running personal errands in Astoria.
On appeal, Culver argues that he in fact did nothing improper on the day in question and the reason given for his termination should therefore be regarded as pretextual. However, Culver cannot avoid summary judgment merely by arguing that his termination was based on a reason that turned out to be false. Rather, “courts only require that an employer honestly believed its reason for its actions, even if its reason is foolish or trivial or even baseless.” Villiarimo v. Aloha Island Air, Inc., 281 F.3d 1054, 1063 (9th Cir.2002) (internal quotation marks omitted). In this case, Culver did virtually no productive work for at least a two-hour period on the day in question. Moreover, at the time, Culver was on a written warning of termination for prior documented violations of Qwest’s break policy. It was reasonable for Qwest to conclude that Culver’s timesheet—which represented that he was working on a Seaside splicing job for the entire day—was fraudulent, particularly in light of Culver’s recent disciplinary history.
We are also unpersuaded by Culver’s contentions that at various times Qwest has offered shifting justifications for his termination. “[I]n the ordinary case ... fundamentally different justifications for an employer’s action [can] give rise to a genuine issue of fact with respect to pretext since they suggest the possibility that neither of the official reasons was the true reason.” Washington v. Garrett, 10 F.3d 1421, 1434 (9th Cir.1994). However, we have made clear that separate reasons offered by an employer are not considered “shifting” if they are not “incompatible.” Nidds v. Schindler Elevator Corp., 113 F.3d 912, 918 (9th Cir.1997). As the district court correctly concluded, Qwest has consistently cited as the reason for Culver’s termination that he was not on company time when he should have been and that he then filled out his time card as though he had been working all day.
We also reject Culver’s contention that direct evidence supports his claim of age discrimination. The allegedly discriminatory statements cited by Culver were ambiguous and were uttered more than a year before Culver’s termination. Culver has presented no evidence that the comments were in any way tied to the termination decision.
With respect to Culver’s workers’ compensation retaliation claim, under Oregon law Culver must show that (1) he invoked the workers’ compensation system, (2) he was discriminated against in his conditions of employment, and (3) his employer discriminated against him because he invoked the workers’ compensation system. Kirkwood v. W. Hyway Oil Co., 204 Or.App. 287, 129 P.3d 726, 729 (2006). Cf. Estes v. Lewis & Clark Coll., 152 Or.App. 372, 954 P.2d 792, 796 (1998) (noting that to sustain a wrongful discharge claim generally, “the employee must establish a ‘causal connection’ between a protected activity and the discharge”). Culver cannot meet the third prong because there is no evidence that his workers’ compensation claim was a cause of his termination. Although we have stat *406 ed that “causation can be inferred from timing alone where an adverse employment action follows on the heels of protected activity,” Villiarimo, 281 F.3d at 1065,-a ten-month gap between the filing of a claim and a termination does not, by itself, create a genuine issue of material fact regarding causation.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.